# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MELINDA ISITT,

                **Plaintiff,**

-vs-                                    **Case No.  6:04-cv-41-Orl-28KRS**

CITY OF HOLLY HILL, FLORIDA,

                **Defendant.**

_____

# ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL PLAINTIFF TO EXECUTE RELEASE AND SETTLEMENT AGREEMENT (Doc. No. 22)** |
| **FILED:** | **August 16, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

## I.   PROCEDURAL HISTORY.

On January 13, 2004, Melinda Isitt filed a complaint against Defendant City of Holly Hill, Florida ("City"), alleging that she was terminated from employment with the City in violation of 42 U.S.C. § 2000e *et seq.* and Section 760.01 *et seq.* of the Florida Statutes.  Doc. No. 1.  This case proceeded to mediation, at which the parties reached a settlement.  Doc. No. 22 ¶ 2; Doc. No. 20.  On October 7, 2004, the presiding District Judge, the Honorable John A. Antoon, II, entered an order dismissing the case without prejudice "subject to the right of any party to move the Court

within sixty (60) days, upon good cause shown, or to submit a stipulated form of final judgment."

Doc. No. 13.

Subsequently, the parties filed a joint stipulation to seal certain of Isitt's personnel records.

Doc. Nos. 19-20.  The parties made no motion requesting that the Court approve or enforce the

settlement agreement itself.  On November 23, 2004, Judge Antoon issued an order of dismissal

approving the parties' joint stipulation to seal certain documents, dismissing the case, and

directing the clerk of court to close the file.  Doc. No. 21.

On August 16, 2005, the City filed the present motion seeking the Court to compel Isitt to

sign the parties' settlement agreement and release.  Doc. No. 22.  The City asserts that it paid

money to Isitt pursuant to the settlement agreement, but that, due to a conflict between Isitt and her

attorney, the City has been unable to obtain her signature on the settlement agreement.

## II.     STANDARD OF REVIEW.

It is well established that federal courts "exercise limited subject matter jurisdiction,

empowered to hear only those cases within the judicial power of the Unites States as defined by

Article III of the Constitution or otherwise authorized by congress."  *Taylor v. Appleton*, 30 F.3d

1365, 1367 (11th Cir. 1994).  "It is to be presumed that a cause lies outside this limited

jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting

jurisdiction, . . ."  *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994)

(internal citations omitted).

"Jurisdiction to resolve cases on the merits requires both authority over the category of

claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so

that the court's decision will bind them." *Ruhgras AG. v. Marathon Oil Co.*, 526 U.S. 574, 577

(1999).  Subject matter jurisdiction implicates the court's authority to adjudicate a particular case

and, as such, it may be challenged by either party, or by the court *sua sponte*, at any time while the

action is pending.  Fed. R. Civ. P. 12(h)(3); *Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir.

2001) ("A federal court must always dismiss a case upon determining that it lacks subject matter

jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be

considered as part of that determination.").

Federal district courts do not possess the "inherent authority" to enforce a private

settlement agreement that results in the dismissal of a case pending before it.  *Kokkonen*, 511 U.S.

at 378.  Simply put, "[i]n the absence of . . . an independent basis for jurisdiction, a federal court

has jurisdiction to enforce a settlement agreement only if the dismissal order specifically reserves

such authority or the order incorporates the terms of the settlement." *Scelsa v. City University of

New York*, 76 F.3d 37, 40 (2d Cir. 1996) (citing *Kokkonen*, 511 U.S. at 380-82).[1]

## III.   ANALYSIS.

The Supreme Court's mandate in *Kokkonen* controls the disposition of this matter.  As

previously discussed, this case was dismissed in November 2004.  Neither party requested the

Court to incorporate the terms of the "settlement agreement" in its dismissal order (assuming, of

course, that the parties entered into such an agreement).  Moreover, neither party requested the

Court to retain jurisdiction to enforce the terms of any such agreement.  These omissions are fatal

---

[1] When a federal district court retains jurisdiction to enforce a settlement agreement or incorporates the terms of such an agreement in its dismissal order, ancillary jurisdiction to enforce the terms of the agreement is said to exist.  *Kokkonen*, 511 U.S. at 382.

-3-

to this Court's authority to exercise jurisdiction over this matter as no independent basis for federal

subject matter jurisdiction exists.

As the Supreme Court noted in *Kokkonen*:

The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal–either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.  In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

. . . .

Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Kokkonen*, 511 U.S. at 381-82.

Accordingly, the present motion is due to be denied.

IV.     **CONCLUSION.**

Based on the foregoing, the City's Motion to Compel Plaintiff to Execute Release and

Settlement Agreement, doc. no. 22, is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 22, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties